IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOSHIA RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | |
| ) | [Removed from |
| ) | The State Court of |
| WAL-MART STORES EAST, L.P.., ) | DeKalb County; |
| NICOLAS HAYS ) | Civil Action File No. |
| ABC CORPS #1-3, AND JOHN DOES #1-3) | 24A07059], |
| ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants Wal-Mart Stores East LP and Nicholas Haynes by and through counsel, within the time prescribed by law, and without waiving any defenses, file this Notice of Removal, respectfully showing this Honorable Court, as follows:

1.

Plaintiff Toshia Rivers filed a negligence suit against the Defendants in the State Court of DeKalb County, Georgia styled as above and numbered as Civil Action File No. 24A07059. DeKalb County is in the Atlanta Division of this Court. 28 U.S.C. § 90 (a)(2).

2.

Ms. Rivers alleges that she was injured at the Walmart store located 4375

Lawrenceville Highway, Tucker Georga 30084 on (hereinafter "Store 2584") on January 8, 2023. *(Exhibit. A, Complaint)*

## Complete Diversity Jurisdiction Exists

3.

According to her complaint, Plaintiff is a citizen of Alabama.

4.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies with principal places of business in Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. As such, Walmart Stores East, LP and none of its partners are or were citizens of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter. (Exhibit B)

5.

For diversity jurisdiction purposes, a "limited partnership is not in its own right "citizen" of the state that created it, and the diversity determination must "be based upon the citizenship of all partners." Carden v. Arkoma Assocs., 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).

6.

Defendant Nicolas Haynes is a resident of the state of Georgia.

7.

Because Plaintiff is a citizen of Alabama, Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas, and Defendant Haynes is a citizen of Georgia; complete diversity of citizenship exists between Plaintiff and the Defendants for purposes of 28 U.S.C. § 1332 (c) (1).

**The Amount in Controversy Exceeds $75,000.00**

8.

Plaintiff seeks judgment against the named-Defendants for sums in excess of $75,000.00, exclusive of interest and costs.

9.

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

10.

In her Complaint dated November 27, 2024, Plaintiff asserts that "as the direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical are, diagnosis, and treatment; aggravation of pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, with limitation lost wages." See, Exhibit "A", Complaint ¶ 15. Plaintiff also asserts that her "damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future." Id. (Emphasis added.) Plaintiff further asserts that she "suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law" and will "continue to incur such losses in the future." Id. at ¶16. (Emphasis added.)

11.

On January 8, 2024, defense counsel sent a letter to plaintiff's counsel stating that "it appears that complete diversity of citizenship exists between Plaintiff and all defendants." See Exhibit "C", Letter to Plaintiff's Counsel. Defense counsel explained that defendant was going to seek removal to Federal Court, unless plaintiff confirmed, and was willing to stipulate, "that the amount in controversy is less than $75,000.00, exclusive of interest and costs." Id.

12.

Plaintiff's Counsel failed to respond to the letter.

13.

Because Plaintiff's counsel is unwilling to say that the amount in controversy is less than $75,000, and because Plaintiff pleads that she is seeking both general and special damages for a number of claims, including bodily injury, pain and suffering, expenses of medical care, diagnosis, and treatment, loss of consortium, lost capacity for the enjoyment of life, and other economic and non-economic damages, and that that she will continue to incur such losses in the future, the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.

**Removal is Timely and Proper**

14.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Defendant Nicolas Haynes being served.. See, Fed. R. Civ. P. 6(a)(1)(C). This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendant Nicolas Haynes. of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b). See the Affidavit of Service Attached as Exhibit "D" showing that Defendant Nicolas Haynes. was served on December 16, 2024.

**Venue is Proper in the Northern District**

15.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

16.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses DeKalb County. See 28 U.S.C. § 90(a)(2).

**Removal is Proper**

17.

No previous application for the relief sought herein has been made to this or any other Court.

18.

Good and sufficient defenses to Plaintiff's claims exist.

19.

Within thirty (30) days after service on Defendant, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

20.

Defendant has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of DeKalb County. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "E".

21.

WHEREFORE, it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted on this the 14th day of January 2025.

                                                WALDON ADELMAN CASTILLA MCNAMARA & PROUT

/s/ Ryland S. Avery
_____
BRIAN C. MCCARTHY
Georgia Bar No.: 001322
RYLAND S. AVERY
GEORGIA BAR NO. 190643
*Attorneys for Defendants*

900 Circle 75 Parkway, Suite 1040
Atlanta, Georgia   30339
Telephone: (770) 953-1710
Facsimile:   (770) 933-9162
bmccarthy@waldonadelman.com
ravery@waldonadelman.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This brief has been prepared in Times New Roman font, 14 point.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Ryland S. Avery
_____
BRIAN C. MCCARTHY
Georgia Bar No.: 001322
 RYLAND S. AVERY
GEORGIA BAR NO. 190643
*Attorneys for Defendant Wal-Mart Stores East L.P.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOSHIA RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | |
| ) | [Removed from |
| ) | The State Court of |
| WAL-MART STORES EAST, L.P.., ) | DeKalb County; |
| NICOLAS HAYS ) | Civil Action File No. |
| ABC CORPS #1-3, AND JOHN DOES #1-3) | 24A07059], |
| ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this the *14h* day of January, 2025 I electronically filed the DEFENDANTS WAL-MART STORES EAST, L.P,'S AND NICHOLAS HAYNES NOTICE OF REMOVAL with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

Tracy W. Cary, Esq.
ALABAMA PERSONAL INJURY LAWYERS, LLC
300 Richard Arrington Jr. Blvd N
Suite 500
Birmingham, AL 35203
tracy@alabamapersonalinjurylawyers.com
Attorney for Plaintiff

10

Joel Grist  
GRIST LAW FIRM  
3715 Vineville Avenue  
Macon Georgia 31204  
JoelGrist@TruckLawyer.com  
Attorney for Plaintiff

This 14th day of January, 2025.

                                                    WALDON ADELMAN CASTILLA  
                                                   MCNAMARA & PROUT

                                                   __/s/Ryland Avery_____  
                                                   Brian C. McCarthy  
                                                   Georgia Bar No. 001322  
                                                   Ryland S. Avery  
                                                   Georgia Bar No. 190643  
                                                   *Attorneys for Defendants*

900 Circle 75 Parkway  
Suite 1040  
Atlanta, Georgia 30339  
(770) 953-1710  
bmccarthy@waldonadelman.com  
ravery@waldonadelman.com