# EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY, GEORGIA

| | | |
|---|---|---|
| TOSHIA RIVERS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Action File No. 24A07059 |
| WALMART STORES EAST, LP, NICOLAS HAYS, ABC CORPS #1-3 and JOHN DOES # 1-3, | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**COMPLAINT**

**PLEASE NOTE: Plaintiff's Interrogatories, Request for Production of Documents, Request for Admissions and Notice of Deposition have been filed with this Complaint. If you did not receive all of these discovery documents, please telephone the undersigned attorney's office, and a copy will be forwarded to you immediately.**

Comes now the Plaintiff, through counsel, and files the following Complaint for damages:

**PRELIMINARY STATEMENT**

This case involves permanent and severe injuries suffered by Plaintiff as a result of a dangerous condition that existed on Defendant's premises. Plaintiff was injured due to a defect on the premises when she was on the premises with Defendant's explicit permission. This action seeks to hold the Defendants responsible for its negligence, and/or recklessness and/or carelessness.

**GENERAL AND JURISDICTIONAL ALLEGATIONS**

1.

Plaintiff is an adult citizen and resident of Henry County, Alabama.

2.

Defendant Walmart Stores East, LP ("Defendant") is a foreign limited partnership, with a registered agent for service of process, The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040 in Forsyth County, Georgia. Service of process can be perfected upon Defendant at that address.

3.

Defendant Nicolas Hays is upon information and belief an adult resident and citizen of

STATE COURT OF
DEKALB COUNTY, GA.
11/27/2024 1:37 PM
E-FILED
BY: Monica Gay

the State of Georgia and at all times material hereto was the general manager of the Walmart Supercenter #2584 located at 4375 Lawrenceville Highway, Tucker, GA 30084. Defendant Hays may be served at 4375 Lawrenceville Highway, Tucker, GA 30084.

4.

Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper in this Court because the cause of action originated in DeKalb County, Georgia and Defendant has an office and transacts business in DeKalb County, Georgia.

5.

This Court may properly exercise personal jurisdiction over the Defendants because they are subject to service of process in DeKalb County, Georgia.

6.

This complaint was timely filed pursuant to O.C.G.A § 9-3-33 because this action for injury to a person that gives rise to the Plaintiff's Complaint occurred on or about January 8, 2023, in DeKalb County, Georgia and this action was filed within two years of the occurrence of the incident.

7.

Defendant, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence. that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

8.

Defendant John Doe #1 is a resident of Georgia and is the unidentified manager on duty of Defendant's business establishment at the time of the alleged incident at issue in this case. Defendant John Doe #1 had the authority and right to control the mode and manner of operations of the business located at 4375 Lawrenceville Highway, Tucker, Georgia on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant John Doe #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant John Doe #1 is known by Walmart Stores East, LP. When Defendant John Doe #1 is identified by Walmart Stores East, LP, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

9.

Defendants John Does #2-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants John Does #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Walmart Stores East, LP's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants John Does #2-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

10.

The Occupational Safety and Health Administration (OSHA) estimates that there are around 50,000 workplace injuries each year from being struck by a falling object.

## FACTS

11.

At all times material hereto, Defendant owned, managed, operated or otherwise provided services to the public at a business open to the public and located at 4375 Lawrenceville Highway, Tucker, Georgia (the "premises"). Upon information and belief, said premises is known as Walmart Supercenter #2584, 4375 Lawrenceville Highway, Tucker, DeKalb County, GA 30084.

12.

On or about January 8, 2023, Plaintiff was lawfully on the premises as an invitee when Plaintiff was injured (the "incident") when Defendant negligently caused or allowed an overhead door to fall and strike Plaintiff, causing severe and permanent injuries to her body.

13.

Defendants negligently caused the incident and Plaintiff's injuries.

14.

At all relevant times, Plaintiff exercised reasonable care for Plaintiff's own safety.

15.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

16.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

## COUNT ONE - NEGLIGENCE

17.

Plaintiff repeats and realleges paragraphs 1 through 16 above, as if set out fully herein.

18.

At all times material hereto, Defendant Hays owed a duty to the general public who entered the premises to ensure that the premises were safe and that Defendant Walmart's policies and procedures were followed for the protection of all who entered the premises, specifically the

Plaintiff.

19.

At all material times, Defendants Walmart and Hays ("Defendants") controlled the mode, manner, and means by which they operated the premises. Under Defendants' mode, manner, and means of operating its business, the incident that injured Plaintiff and similar risks were reasonably foreseeable.

20.

Defendants' chosen mode and manner of operation of the Premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of the incident and similar risks and resulting injuries. Such procedures included reasonable inspection, maintenance and repairs of the subject area where Plaintiff was injured.

21.

Defendants owed invitees the duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the premises.

22.

Defendants owed Plaintiff the duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including all foreseeable risks arising from the operation of the premises.

23.

Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect Plaintiff from foreseeable risks of harm.

24.

Upon information and belief, while operating the premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

a. Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by the incident and similar risks;

b. Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by the incident and similar risks;

c. Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

d. Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

e. Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

f. Defendants failed to warn Plaintiff of the inherent and foreseeable risk of the incident and similar risks and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

25.

Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created the incident and similar risks and caused Plaintiff to suffer injuries.

26.

Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

27.

Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business. Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants John Doe #1-3.

28.

Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**COUNT TWO - PREMISES LIABILITY**

29.

Plaintiff repeats and realleges paragraphs 1 through 16 above, as if set out fully herein.

30.

At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

31.

At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition. Defendants' duty of care included:

a. Inspecting the premises for hazardous conditions including static conditions and passive defects that posed a hazard such as the incident and similar risks;

b. Detecting, removing or otherwise remedying hazardous conditions on the Premises such as the one described in the incident that posed a hazard or risk; and

c. Adequately warning invitees about specific hazards on the Premises, including the hazards described in the incident, to enable invitees to avoid harm.

32.

At all material times, Plaintiff was Defendant's invitee.

33.

The dangerous condition that caused Plaintiff injuries during the incident existed on the premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to repair, remove or otherwise

remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created. In the alternative, Defendants created the hazard by failing to inspect, maintain and/or repair the hazard.

34.

Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

35.

Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition, and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff.

36.

As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy, or warn Plaintiff about the dangerous condition Plaintiff was injured in the incident.

37.

Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants in order to (1) deter wrongful conduct; (2) ensure and encourage socially responsible behavior; (3) establish safe community standards; and (4) compensate Plaintiff in an amount deemed just, fair and proper by this Honorable Court for her injuries, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, emotional harm, and for such other relief the Court may award, including the costs of this action.

MOREOVER, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c. That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e. That Plaintiff recover general and special damages in amounts to be proved at trial;

f. That Plaintiff be granted attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

g. That this Honorable Court enter such other Order and further relief as the Court deems just and proper.

Respectfully submitted on this the 27th day of November, 2024

ALABAMA PERSONAL INJURY LAWYERS, LLC

*/s/ Tracy W. Cary*
Tracy W. Cary
Georgia Bar No. 114985
300 Richard Arrington Jr. Blvd N., Suite 500
Birmingham, AL 35203
Attorney for Plaintiff
205-855-2745 Tel
334-845-8321 Fax
Tracy@AlabamaPersonalInjuryLawyers.com

STATE COURT OF
DEKALB COUNTY, GA.
11/27/2024 1:37 PM
E-FILED
BY: Monica Gay